UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80518-CV-Hurley/Hopkins

KATHY E. EMERY,

Plaintiff,

v.

ALLIED PILOTS ASSOCIATION,

Defendant.
_____________________________________________/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR COSTS (DE 168) AND PLAINTIFF'S MOTION FOR COSTS (DE 169)**

**THIS CAUSE** is before this Court upon the District Court's Referral Orders (DE 173, 182). Presently before the Court is Defendant's Motion for Costs (DE 168), Plaintiff's response (DE 176), Defendant's reply (DE 177), and Plaintiff's Motion to File a Sur-Reply (DE 181). Also pending is Plaintiff's Motion for Costs (DE 169), Defendant's response (DE 174), and Plaintiff's reply (DE 178). For the reasons that follow, this Court **RECOMMENDS** that Defendant's Motion for Costs (DE 168) be **DENIED**, Plaintiff's Motion for Costs (DE 169) be **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's Motion to File a Sur-Reply (DE 181) be **DENIED AS MOOT.**

## BACKGROUND

In Count One of the underlying Amended Complaint (DE 16), Plaintiff alleged that her union, Defendant Allied Pilots Association (APA), breached its duty of fair representation by implementing a mandatory arbitration dispute resolution process, and by advocating positions

during the arbitration that were adverse to Plaintiff's economic interests. On November 9, 2016, the District Court granted Defendant's motion for summary judgment on Count One, finding that the arbitration process was neither arbitrary nor discriminatory, and that the union did not breach its duty to Plaintiff by taking positions that promoted the interests of its membership as a whole. (DE 138).

Count Two of the Amended Complaint, which alleged a violation of the Labor-Management Reporting and Disclosure Act (29 U.S.C. § 411(a)(2))(LMRDA), proceeded to a four-day bench trial. Thereafter, the District Court issued its Findings of Fact and Conclusions of Law determining that the union had violated Plaintiff's right of free speech by preventing her from posting comments on the "Challenge & Response" portion of the union's website. (DE 159). In its Final Judgment, the District Court concluded that Plaintiff shall "recover nothing on Count One," and ordered Defendant to comply with several injunctive provisions that would permit Plaintiff access to the website's "Challenge & Response" forum. (DE 160).[1]

In its current motion for costs Defendant contends that each party prevailed on a separate and distinct claim and thus both parties should be awarded reimbursement of their taxable costs. Plaintiff's motion counters that she alone is the prevailing party entitled to an award of costs and that Defendant should recover nothing.

**1. <u>Determining the Prevailing Party</u>**

The Eleventh Circuit has held that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party." M*anor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). A "prevailing party" is one that prevailed on "any significant issue in the

---

[1] The Court determined that the second part of Count Two, Plaintiff's claim that the union violated the LMRDA by preventing her from speaking at a union meeting, was moot and would be dismissed with prejudice. According to APA, this claim was denied as moot because APA "cured the issue voluntarily." (DE 168-1 at p. 6). For purposes of the parties' motions for costs, this claim will not be considered.

litigation which achieved some of the benefit the parties sought in bringing suit." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989).

As an initial matter, this Court rejects Defendant's insistence that Counts One and Two are so unrelated that, for purposes of determining which party prevailed and is entitled to an award of costs, the claims are properly construed as "separate lawsuits." (DE 168-1 at p. 5, 7). Defendant primarily relies on *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645 (S.D. Fla. 2007), to support its argument that "one party can be determined a prevailing party on one claim, while the opposing party prevails on another claim." *Stewart v. Town of Zolfo Springs*, 1998 WL 776848 at *1 (M.D. Fla. Sept. 16, 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). In *James*, the Court deemed both parties to be prevailing parties, each entitled to costs, because the plaintiff prevailed on his FLSA overtime claim, and defendant prevailed on the unrelated retaliation and discrimination charges. *See James*, 242 F.R.D. at 648.

However, the Eleventh Circuit's recent decision in a case related to the instant matter, *Emery v. American Airlines, Inc.*, 647 F. App'x 968 (11th Cir. 2016) is more on point. The Eleventh Circuit held that "[a] defendant is a prevailing party if the plaintiff achieves none of the benefits it sought in pursuing the lawsuit." *Id.* at 973. There, even though Plaintiff Emery prevailed on only one of her four claims, and "American avoided liability on three of the claims," the Court concluded that the district court "erred in deeming American to be the prevailing party in the litigation." *Id.*

Moreover, in *Emery v. American Airlines*, the claims at issue appear to have been as separate and distinct as Counts One and Two here. Indeed, the airline successfully defended against Plaintiff Emery's claim that its termination of her long-term disability benefits was arbitrary and capricious, but Emery prevailed on her claim that the airline violated ERISA by

failing to timely provide her with the retirement plan documents to which she was entitled. Notwithstanding each party's success on a discrete claim, and the fact that the airline obtained summary judgment in its favor on the majority of Emery's claims, the Eleventh Circuit still concluded that the airline was not the prevailing party for purposes of awarding costs. *Id.* at 973.

Similarly, in *Fireman's Fund Ins. Co. v. Tropical Shipping & Const. Co.*, 254 F.3d 987 (11th Cir. 2001), each party prevailed on a specific claim. Despite "not prevail[ing] on all of the counts," only the plaintiffs were deemed to be the prevailing party entitled to costs under Rule 54(d). *Id.* at 1013. The Eleventh Circuit affirmed the district court's denial of costs to Defendant Tropical, because even though "Tropical successfully defended itself against Count IIA [such] does not transform it into the prevailing party" entitled to an award of costs. *Id*.

Applying the Eleventh Circuit's holding that a defendant is the prevailing party when "the plaintiff achieves none of the benefits sought," whereas a plaintiff need only succeed on a fraction of its claims to prevail, this Court finds that based on her success on Count Two, Plaintiff is the sole prevailing party in this litigation who is entitled to recovery of her costs.

**2. <u>Plaintiff's Motion for Taxable Costs</u>**

In her motion for costs, Plaintiff seeks a total of $15,563.53, which is itemized as follows: the clerk's office fee ($400.00), service of process fees ($1,054.20), transcripts ($13,176.80), copying costs ($737.14), and miscellaneous costs ($195.39).

Although the Federal Rules create a presumption in favor of awarding costs to the prevailing party, such presumption is not without limits, and courts may only tax costs as authorized by statute. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

28 U.S.C. § 1920 provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Given that § 1920(1) specifically permits recovery of the clerk's office filing fee, Plaintiff is entitled to recovery of the $400.00 filing fee she paid to initiate this action. *See Perez v. Garcia*, 2016 WL 3348614, at *2 (S.D. Fla. June 16, 2016)(prevailing plaintiffs entitled to receive $400.00 for clerk's filing fee).

With regard to Plaintiff's service of process fees, it is well settled that the expense of using a private process server is compensable only to the extent authorized in 28 U.S.C. § 1921. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). In other words, the prevailing party is only entitled to those fees that would have been incurred had the United States Marshal's Office effected the service. *See Davis v. Sailormen, Inc.*, 2007 WL 1752465, *2-3 (M.D. Fla. June 15, 2007) (awarding costs for service of subpoenas based on Marshal's rates). Under 28 U.S.C. § 1921(b), the Attorney General is authorized to regulate the fees which will be charged by the Marshal's Service. The current regulations provide that the Marshal's Service charges $65.00 per hour for each subpoena served. *See* 28 C.F.R. § 0.114.

Plaintiff seeks $1,054.20 in reimbursement for effecting private service of process in eight instances. (DE 169 at p. 13-24). Defendant objects to the fees Plaintiff incurred in serving Rule 45 subpoenas, claiming that the witnesses subpoenaed primarily testified about Count One

(on which Plaintiff did not prevail). However, "[l]imited success does not justify the denial of costs." *Mancini v. Northampton Cty.*, 2015 WL 12806509, at *1 (E.D. Pa. July 28, 2015)(court "cannot reduce costs to reflect [plaintiff's] overall success")(citing *Institutionalized Juveniles v. Sec. of Pub. Welfare*, 758 F.2d 897, 926 (3d Cir. 1985)). Rather, it is well settled that a prevailing party "need not prevail on all issues to justify a *full* award of costs . . ." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)(emphasis added)(citation omitted). Accordingly, this Court declines to parse Plaintiff's costs between successful and unsuccessful claims.

Nonetheless, as discussed above, the Court will limit the amount of Plaintiff's recovery to $65.00 for each of the eight instances a process server was used, for a total of $520.00.[2] *See Wish v. MSC Crociere S.A.*, 2009 WL 347793, at *1 (S.D. Fla. Feb. 11, 2009) (reducing services of process fees to the rate charged by the Marshal's Service where excess charges were not substantiated).

Plaintiff also seeks to recover $13,176.80 for transcript costs. Again, Defendant seeks to award Plaintiff costs only for the depositions related to Count Two. For the reasons stated above, this Court declines to parse the depositions between Plaintiff's successful and unsuccessful claims. Indeed, it is well settled that depositions transcripts are taxable so long as the deposition was "necessarily obtained for use in the case." *EEOC v. W & O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). A deposition is considered necessary if it was "related to an issue which was present in the case at the time the deposition was taken." *Id*. at 621. Here, at the time the depositions were taken, Count One was still pending, and therefore, Plaintiff was entitled to depose witnesses about that claim. *See Whyte v. U.S. Postal Serv*., 2012 WL 4378039, at *1

---

[2] The Court also declines to award the rush fees included on the service of process invoices, since Plaintiff does not explain why such was necessary. "[C]ourts in this circuit routinely have declined to tax fees related to rush service." *Ballestero v. Fairfield Resorts, Inc.*, 2008 WL 5111100, at *4 (M.D. Fla. Dec. 4, 2008)(citing *Johnson v. Commc'n Supply Corp.*, 2006 WL 3709620, at *2-3 (S.D. Fla. Dec. 14, 2006)).

(S.D. Fla. Sept. 25, 2012)(citing *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 718 (N.D. Ill. 1982) ("The standard for awarding the cost of depositions is not whether the deposition was related to an issue presented at trial but whether it was related to an issue which was present in the case at the time the deposition was taken.")). *See also Air Turbine Tech., Inc. v. Atlas Copco AB*, 2008 WL 544731, at *3 (S.D. Fla. Feb. 26, 2008)( "[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged.").

Although this Court will award transcription fees for each of the witnesses deposed, this Court has observed that invoices for deposition transcripts routinely include extra fees for items that are not recoverable, including shipping, exhibits, expedited copies, condensed transcripts and electronic copies. *See George v. Florida Dept. of Corrections*, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008) (deposition costs are not recoverable where claimant was unable to prove necessity, rather than mere convenience); *Suarez v. Tremont Towing, Inc.*, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008) (declining reimbursement for delivery charges or charges for exhibits). Thus, to the extent the invoices attached to Plaintiff's motion include miscellaneous fees beyond the cost of the printed transcript and the stenographer's attendance, such will be denied. *See Whittier v. City of Sunrise*, 2008 WL 5765868, *5 (S.D. Fla. Dec. 3, 2008) (under § 1920, only the transcript and attendance fee of the court reporter are recoverable).

An additional problem with invoices submitted by Plaintiff is that two of them do not provide any breakdown of the fees charged. Specifically, the invoices of Arlington Court Reporting, Inc. charge a total of $6,171.00 for three depositions, including non-reimbursable costs such as exhibits, electronic transcripts and DVD's. (DE 169 at p. 26, 30). Fortunately,

Plaintiff's summary of her costs details the length of each of these transcripts. According to Plaintiff, the transcript for Pam Torrel was 168 pages; the transcript for Keith Wilson was 185 pages, and the transcript for Captain McDaniels was 178 pages. With regard to the appropriate per page rate, the Court notes that the other transcription invoices attached to Plaintiff's motion charge between $3.40 and $5.10 per page. Here, the Court finds that $4.45 is an appropriate per page rate for these depositions that were taken and transcribed in 2015. *See Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 2014 WL 5325211, at *6 (S.D. Fla. Aug. 20, 2014) (court awarded deposition transcript cost of $4.45 per page, as charged by the stenographer, which the Court deemed to be reasonable). Accordingly, Plaintiff should recover $747.60 for Pam Torrel's transcript, $823.25 for Keith Wilson's transcript, and $792.10 for Captain McDaniels' transcript. In addition, the Court finds that Plaintiff should recover $4,630.90 for the remaining deposition transcripts.

The Court will also grant Plaintiff's request to be reimbursed for the transcript from the discovery hearing held by this Court ($32.40),[3] but will deny Plaintiff's request to recover $990.40 for the cost of transcribing the bench trial. Plaintiff did not file any additional briefs or pleadings with the Court following the bench trial, and so the costs for those transcripts do not appear necessary. Accordingly, Plaintiff's total recovery for transcripts should be $7,026.25.

Plaintiff seeks $737.14 in copying costs, claiming $.15 per page for 2,011 pages of pleadings she was required to file and serve conventionally, as well as documents she produced in discovery (for a total of $301.65). Plaintiff also seeks reimbursement of $435.49 which she paid to Black's Duplicating Services, Inc. to prepare exhibits and other documents she claims to have needed for trial. Defendant objects to both categories of copies, claiming that Plaintiff only produced 854 pages in response to Defendant's discovery demands, and that despite the

[3] Notably, Defendant sought reimbursement for this same expense in its own motion for costs.

"mountains of paper" Plaintiff brought with her to trial, she has failed to establish why such was necessary since "much of [it]" was for "no apparent purpose." (DE 174 p. 9-10).

In her reply papers, Plaintiff explains that she produced 1,265 pages in response to Defendant's discovery demands and that the remaining 746 pages where necessary copies for the Court and opposing counsel, since Plaintiff is *pro se* and cannot utilize the Court's electronic filing system. Plaintiff also contends that the District Court's pre-trial order required her to present two copies of every exhibit on the day of trial and that the exhibits she prepared were "relevant to the issues to be heard." (DE 178 at p. 9). Based on Plaintiff's representations, this Court finds that the copies she made were necessarily obtained for use in the case and that she is entitled to recover the costs for them. *See W&O, Inc.*, 213 F.3d 600, 623.

Finally, Plaintiff seeks to recover $195.39 for costs incurred in renting conference rooms for out-of-state depositions. Given that this cost is not provided for in §1920, the Court declines to award it.

## RECOMMENDATION

In conclusion, this Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion for Costs (DE 168), **DENY AS MOOT** Plaintiff's Motion for file a Sur-Reply (DE 181), and **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Costs (DE 169) as follows:

| | |
|---|---|
| Clerk's Office Filing Fee | $ 400.00 |
| Service of Process | $ 520.00 |
| Transcripts | $ 7,026.25 |
| Copies | $ 737.14 |
| TOTAL COSTS: | **$ 8,683.39** |

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States Senior District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); *see also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy"). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 17th day of May, 2017.

James M. Hopkins

JAMES M. HOPKINS
United States Magistrate Judge

Copy to:

Kathy E. Emery, *Pro Se* Plaintiff
1050 N.E. 91st Street
Miami, FL 33138